**30C01-2107-CT-000969**

Hancock Circuit Court

Filed: 7/5/2021 9:58 AM
Clerk
Hancock County, Indiana

| | | |
|---|---|---|
| STATE OF INDIANA ) | IN THE HANCOCK _____ COURT | |
| COUNTY OF HANCOCK ) | CAUSE NO.: | |

MARAH RHEA,  )
        Plaintiff,  )
             )
        vs.  )
             )
SPEEDWAY LLC,  )
        Defendant.  )

## COMPLAINT FOR DAMAGES

Plaintiff Marah Rhea, by counsel, and for her *Complaint for Damages* against Defendant Speedway LLC, alleges and asserts:

1. Plaintiff Marah Rhea is a resident of Greensburg, Decatur County, Indiana.

2. Defendant Speedway LLC is an limited liability company formed under the laws of the state of Ohio and conducts business in Hancock County, Indiana.

3. Defendant operates a convenience store and gas station located at 1253 N. Main Street, Greenfield, Hancock County, Indiana.

4. Defendant is the owner of the land upon which the subject convenience store and gas station is located.

5. On July 5, 2019, Plaintiff was an invitee at the aforementioned store property owned and operated by Defendant.

6. At all times material hereto, the premises that is the subject of this lawsuit were within the exclusive control of Defendant.

7. Defendant owed Plaintiff various duties, including but not limited to the following:

    a. A duty of reasonable care to maintain its property in a reasonably safe condition;

    b. A duty to maintain its property in a manner that was safe for its intended uses, and free from all defects and/or conditions that would render the property dangerous or present an unreasonable risk of harm;

    c. A duty to prevent dangerous conditions from developing;

    d. A duty to protect invitees such as Plaintiff from foreseeable injury;

    e. A duty to perform inspections of the property to ascertain any dangerous conditions, and take steps to address said conditions to maintain the property in a condition reasonably safe for its intended use; and

    f. A duty to warn of any foreseeably dangerous conditions upon the property that Defendant knew or should have known of.

8. On July 5, 2019, Plaintiff, while exercising due care and caution for her own safety, was visiting the store to make a purchase and was an invitee.

9. While Plaintiff was walking toward the store, she suddenly tripped and fell in an unmarked hole in the grass to the north of the store.

10. Plaintiff fell to the ground and sustained severe and permanent personal injuries.

11. Defendant, through its employees, officers, and/or agents, breached its duties owed to Plaintiff, and failed to properly maintain its property.

12. The store property was not properly maintained, and contained a dangerous condition consisting of the hole was permitted to persist on the property.

13. Defendant knew or should have known of the unreasonable risk of danger to Plaintiff presented by the dangerous condition, but failed to discover it or correct it after discovery.

14. Defendant failed to provide warnings as to the aforementioned dangerous condition on the store property.

15. Defendant subjected Plaintiff to probable injury with awareness of such impending harm and with indifference to the consequences through its negligent acts and omissions, including, but not limited to, the following:

    a. Failing to maintain the store property in reasonably safe condition for invitees;

2

   b.  Failing to inspect and/or discover a dangerous condition existing on the store property;

   c.  Failing to remedy a dangerous condition when it knew or should have known of its existence, and had ample opportunity to do so;

   d.  Failing to warn an invitee of a dangerous condition on the store property, when Defendant knew or should have known of the same; and

   e.  Failing to protect and/or guard against an invitee being injured on the store property.

16. As a direct and proximate result of Defendant's negligence and breach of the duties owed to Plaintiff, Plaintiff has sustained severe and permanent physical injuries that have resulted in pain and suffering, emotional distress, and mental anguish, and will continue to cause the same into the future.

17. As a direct and proximate result of Defendant's negligence and breach of the duties owed to Plaintiff, Plaintiff, to attempt to treat her injuries, has been required to engage the services of medical providers, undergo surgery, and has incurred medical expenses as a result, and said medical expenses may continue into the future.

18. As a direct and proximate result of Defendant's negligence and breach of the duties owed to Plaintiff, Plaintiff has incurred and will continue to incur lost income, an impaired ability to earn income, and a loss of other benefits associated with her employment and said losses may continue into the future.

19. As a direct and proximate result of Defendant's negligence and breach of the duties owed to Plaintiff, Plaintiff has incurred and will continue to incur a loss of enjoyment of life.

20. As a direct and proximate result of Defendant's negligence and breach of the duties owed to Plaintiff, Plaintiff has been damaged.

WHEREFORE, Plaintiff Marah Rhea prays for judgment against Defendant, Speedway LLC, in an amount reasonable to compensate her for her injuries and damages, for costs of this action, for trial by jury, for prejudgment interest, and for all other relief just and proper in the premises.

Respectfully Submitted,

/s/ Thomas Bowman
Dawn E. Wellman, #1030-45
Thomas S. Bowman, # 30532-64
ALLEN WELLMAN McNEW HARVEY, LLP


ALLEN WELLMAN McNEW HARVEY, LLP
Five Courthouse Plaza
P.O. Box 455
Greenfield, IN 46140
(317) 462-3455
fax (317) 467-6109
dew@awmh.net; tsb@awmh.net

4